People v Robinson (2018 NY Slip Op 05345)





People v Robinson


2018 NY Slip Op 05345


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-03753

[*1]People of State of New York, respondent,
v
Derrias Robinson, appellant.


The Legal Aid Society, New York, NY (Susan Epstein of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie E. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated April 6, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art. 6-C; hereinafter SORA), the Supreme Court assessed the defendant 110 points on the risk assessment instrument, which is within the range for a presumptive designation as a level three sex offender. The court denied the defendant's request for a downward departure and designated him a level three sex offender. On appeal, the defendant challenges only the denial of his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA Guidelines] and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the defendant failed to identify any such mitigating factor (see People v Young, 158 AD3d 829). Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure and designating him a level three sex offender.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court